

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO MEDINA VALENZUELA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Imperial Regional Detention Facility,<br><br>Respondent. | Case No.:  26-cv-2741-RSH-DDL<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

On April 30, 2026, petitioner Gilberto Medina Valenzuela filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner states that he has been detained pending his removal proceedings, that he was denied bond by an immigration judge in February 2026, and that the bond hearing he received was not constitutionally sufficient. ECF No. 1 at 2–3. Petitioner states that he has a community sponsor available, that he is not a danger to the community, and that he will comply with any conditions of release imposed. *Id.* at 3. Petitioner requests his release or a new bond hearing. *Id.*

Petitioner does not address the immigration judge's stated reasons for denying bond, nor does he address whether he has appealed or will appeal his bond denial to the Board of Immigration Appeals. The Petition does not set forth an adequate basis for any relief from this Court. Petitioner's allegations do not establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DISMISSED** without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 4, 2026

Hon. Robert S. Huie
United States District Judge

26-cv-2741-RSH-DDL